## United States District Court for the Northern District of Illinois

Case Number: 08CV2504   Assigned/Issued By: DAJ

Judge Name: GETTLEMAN   Designated Magistrate Judge:

---

### FEE INFORMATION

**Amount Due:** ☐ $350.00   ☐ $39.00   ☐ $5.00

☐ IFP   ☐ No Fee   ☐ Other _____

☐ $455.00

Number of Service Copies _____   Date: _____

(For Use by Fiscal Department Only)

Amount Paid: _____   Receipt #: _____

Date Payment Rec'd: _____   Fiscal Clerk: _____

---

### ISSUANCES

☐ Summons   ☐ Alias Summons

☐ Third Party Summons   ☐ Lis Pendens

☐ Non Wage Garnishment Summons   ☐ Abstract of Judgment

☐ Wage-Deduction Garnishment Summons

_____

(Victim, Against and $ Amount)

☑ Citation to Discover Assets

☐ Writ _____
  (Type of Writ)

1  Original and  1  copies on  08/08/08  as to  PRINCETON BUILDERS INC.
                                (Date)

C:\wpwin80\docket\feeinfo.frm    03/14/05

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG - 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, et.al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Judge Gettleman ) Case No.: 08 CV 2504 |
| BESTILE, INC., | ) ) ) |
| Defendant. | ) |

## CITATION NOTICE

| **Judgment Debtors' last known address:** | | **Judgment Creditor/Creditor's Attorney:** | |
|---|---|---|---|
| Name: | BESTILE, INC. | Name: | Michael J. McGuire |
| Address: | 15555 S. 71st Court<br>Orland Park, IL 60462 | Address: | Two N. LaSalle Street,<br>Suite 1650<br>Chicago, IL 60602 |

**Judgment in the amount of:** $36,579.20 on July 18, 2008, of which $31,264.00 remains unsatisfied.

**Name of person receiving**
**Citation:** Princeton Builders, Inc.
**Citation Date:** August 28, 2008 @ 2:00 p.m.
**Location of Citation:** Gregorio & Associates, Two N. LaSalle Street, Suite 1650, Chicago, IL, 60602

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in the Law Office of Gregorio & Associates to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtors or in which the judgment debtors has an interest. The Citation was issued on the basis of a judgment entered against the judgment debtors in favor of the judgment creditor in the amount stated above. On or after the citation date, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTORS HAVE THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTORS WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

1) Under Illinois or Federal law, the exemptions of personal property exist. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:

(a) The necessary wearing apparel, bible, school books, and family pictures of the debtor and the debtor's dependents;
(b) The debtor's equity interest, not to exceed $ 4,000 in value, in any other property;
(c) The debtor's interest, not to exceed $ 2,400 in value, in any one motor vehicle;
(d) The debtor's equity interest, not to exceed $ 1,500 in value, in any implements, professional books, or tools of the trade of the debtor;
(e) Professionally prescribed health aids for the debtor or a dependent of the debtor;
(f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not;
(g) The debtor's right to receive:
   (1) a social security benefit, unemployment compensation, or public assistance benefit;
   (2) a veteran's benefit;
   (3) a disability, illness, or unemployment benefit; and
   (4) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.
(h) The debtor's right to receive, or property that is traceable to:
   (1) an award under a crime victim's reparation law;
   (2) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor;
   (3) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor;
   (4) a payment, not to exceed $ 15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent; and
   (5) any restitution payments made to persons pursuant to the federal Civil Liberties Act of 1988 [50 U.S.C. § 1989b et seq.] and the Aleutian and Pribilof Island Restitution Act, P.L. 100-383 [50 U.S.C. § 1989c et seq.].
For purposes of this subsection (h), a debtor's right to receive an award or payment shall be exempt for a maximum of 2 years after the debtor's right to receive the award or payment accrues; property traceable to an award or payment shall be exempt for a maximum of 5 years after the award or payment accrues; and an award or payment and property traceable to an award or payment shall be exempt only to the extent of the amount of the award or payment, without interest or appreciation from the date of the award or payment.
(i) The debtor's right to receive an award under Part 20 of Article II of this Code [735 ILCS 5/2-2001 et seq.] relating to crime victims' awards.

Money due the debtor from the sale of any personal property that was exempt from judgment, attachment, or distress for rent at the time of the sale is exempt from attachment and garnishment to the same extent that the property would be exempt had the same not been sold by the debtor.

If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.

The personal property exemptions set forth in this Section shall apply only to individuals and only to personal property that is used for personal rather than business purposes. The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that are required to be withheld in a wage deduction proceeding under Part 8 of this Article XII [735 ILCS 5/12-801 et seq.].

2) Under Illinois law, every person is entitled to an estate in homestead. Every individual is entitled to an estate of homestead to the extent in value of $ 15,000 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence. That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes and from the laws of conveyance, descent, and legacy, except as provided in this Code or in Section 20-6 of the Probate Act of 1975 [755 ILCS 5/20-6]. This Section is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of those persons. If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $ 30,000 based upon percentage of ownership.

3) Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.

4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed the total of 30 times the federal minimum hourly wage.

5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law. The judgment debtors may have other possible exemptions under the law.

6) In accordance with the provision of Section 522(b) of the Bankruptcy Code of 1978, (11 U.S.C. 522(b)), residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. 522(d)), except as may otherwise be permitted under the laws of Illinois.

THE JUDGMENT DEBTORS HAVE THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtors also have the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Rm. 2074, Chicago, IL 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtors or the attorney for the judgment debtors and sent to the judgment creditor regarding the time and location of the hearing.

This notice may be sent by regular first class mail.

Gregorio & Associates
Two North LaSalle, Suite 1650
Chicago, IL 60602
312/263-2343